JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ERIC ORTIZ

**DEFENDANTS**
THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY DEPARTMENT OF ▪

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ALAN RIPKA & ASSOCIATES, LLP 400 MADISON AVENUE, SUITE 12D, NY, NY 10017 (212) 557-4777 ▪

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

*Does this action include a motion for temporary restraining order or order to show cause? Yes ☐ No ☒*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | **LABOR** | | (15 USC 1681 or 1692) ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☒ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Tort Claims Act, 42 U.S.C. § 1983
Brief description of cause:
FALSE IMPRISONMENT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
15,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
2/10/23

SIGNATURE OF ATTORNEY OF RECORD
Alan Ripka
Digitally signed by Alan Ripka
Date: 2023.02.10 16:32:25 -05'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**CERTIFICATION OF ARBITRATION ELIGIBILITY**

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, ___ALAN S. RIPKA___, counsel for ___PLAINTIFF___, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑  monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐  the complaint seeks injunctive relief,

☐  the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge". Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

# NY-E DIVISION OF BUSINESS RULE 1(c)

1.)  Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.)  If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☑ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: ___

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?___ ☐ Yes   ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes     ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes   (If yes, please explain)   ☑ No

I certify the accuracy of all information provided above.

Signature: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------

ERIC ORTIZ,

                                    *Plaintiff,*

   *-against-*

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY
DEPARTMENT OF CORRECTION, JOHN DOE
POLICE OFFICERS 1-5, and JOHN DOE
CORRECTIONS OFFICERS 1-5,

                                    *Defendants.*
----------------------------------------------------------------

Docket No.: _____

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff ERIC ORTIZ, by and through his undersigned counsel, Alan Ripka & Associates, LLP, hereby alleges, as and for his Verified Complaint against THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY DEPARTMENT OF CORRECTION, JOHN DOE POLICE OFFICERS 1-5, and JOHN DOE CORRECTIONS OFFICERS 1-5, as follows:

**NATURE OF THE ACTION**

1.      On June 12, 2022, Plaintiff was viciously assaulted while in Brooklyn, New York. Despite a fractured nose and other facial bruises, he presented at the 83rd Police Precinct to report the assault and file a complaint after which he planned to seek medical attention at a local hospital. Instead of receiving the help he believed the police would provide, he was unlawfully arrested and detained based on a thirty plus year old, previously vacated, warrant for the arrest of a completely different person. Despite the warrant being vacated and bearing the name of a different person with a different date of birth, and despite Plaintiff notifying the arresting officers that he was not the subject of the warrant and that a 2006 federal warrant search had determined he had no open warrants, Plaintiff was physically restrained and detained for approximately three days.

2.      Not only was Plaintiff denied help (his assailants were never arrested, and justice never served), and his requests for medical treatment were ignored. Instead, he was left injured and in pain, confined first in a precinct detention cell, at the 83rd Precinct, located at 480 Knickerbocker Avenue, Brooklyn, NY 11237, in Central Booking, located in the County of Kings, City and State of New York, and in Riker's Island Correctional Facility, located in the County of Queens, City and State of New York, where he was deprived of even basic dignity of a bed or shower.

3.      On June 15, 2022, three days after his unlawful arrest, Plaintiff was produced before a Judge, advised that the warrants were vacated back on May 31, 1990, that he should have never been detained, and released without charge.

4.      Plaintiff now brings this action under to 42 U.S.C. § 1983, seeking compensatory and punitive damages for violation of civil rights guaranteed to him by statute and the Constitutions of the United States and the State of New York, together with pendant claims asserted under New York State law.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiff's federal and constitutional claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (4), as Plaintiff asserts claims arising under the laws and Constitution of the United States for deprivation, under color of State law, statute, ordinance, regulation, custom or usage, of rights, privileges, and/or immunities secured by the Fourth and Fourteen Amendments to the Constitution of the United States.

6.      This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims, which are so related to the federal claims that they form part of the same case or controversy, pursuant to 28 U.S.C. § 1367(a).

7.      Plaintiff has satisfied all statutory prerequisites for asserting claims against the City of New York and its constituent agencies, including by filing a timely Notice of Claims in satisfaction of New York General Municipal Law § 50-e. Plaintiff's state law claims were not adjusted by the New York Comptroller's Office or the city defendants within the statutory period.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims asserted in this action occurred in this District, including the unlawful arrest and a substantial portion of the unlawful detention of Plaintiff by Defendants.

9.      This Court has personal jurisdiction over each Defendant because they are either residents of this District, employed and work within this District at a position directly related to this action, or are incorporated under the laws of the State of New York, and/or have taken specific acts in this matter within this District sufficient to subject them to the jurisdiction of this Court.

## JURY DEMAND

10.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

11.      Plaintiff, ERIC ORTIZ, is a Hispanic man who resides in the State of Florida.

12.     Defendant, THE CITY OF NEW YORK, is a municipal corporation duly incorporated and existing pursuant to the laws of the State of New York.

13.     Defendant, NEW YORK CITY POLICE DEPARTMENT, (the **"NYPD"**) is a constituent department or agency established and maintained by the City of New York. Upon information and belief, at all relevant times defendant THE CITY OF NEW YORK, its agents, servants, and/or employees operated and/or controlled the NYPD.

14.     Defendant, NEW YORK DEPARTMENT OF CORRECTIONS, (the **"DOC"** together with the City of New York and the NYPD, the **"City Defendants"**), is a constituent department or agency established and maintained by the City of New York. The DOC operates and/or controls the detention facility located on Riker's Island (**"Rikers Island"**). Upon information and belief, at all relevant times Defendant, THE CITY OF NEW YORK, its agents, servants, and/or employees operated and/or controlled the DOC.

15.     At all relevant times the JOHN DOE POLICE OFFICERS, (the **"Police Officers"**), were duly sworn New York City Police Officers, stationed at the 83rd Police Precinct located at 480 Knickerbocker Avenue, Brooklyn, New York 11237, and employed by and under the supervision and control of the City of New York and the NYPD. The Police Officers, whose full identities are not known to Plaintiff at this time, acted in their official capacity and within the scope of their employment at all times described herein acting. They are sued in their official and individual capacities.

16.     At all relevant times the JOHN DOE CORRECTIONS OFFICERS, (the **"Corrections Officers"** together with the Police Officers, the **"Officers"** or the **"Individual Defendants"**), were duly sworn New York City Corrections Officers, stationed at Rikers Island, and employed by and under the supervision and control of the City of New York and the DOC. The Corrections Officers, whose full identities are not known to Plaintiff at this time, acted in their official capacity and within the scope of their employment at all times described herein acting. They are sued in their official and individual capacities.

<u>**FACTS**</u>

17.     On the morning of June 12, 2022, Plaintiff was assaulted in the Bushwick section of Brooklyn, New York (the **"Assault"**). During the Assault Plaintiff suffered a fractured nose and other facial bruises.

18.     At 12:00 A.M., that morning Plaintiff, presented at the 83rd Police Precinct, located at 480 Knickerbocker Avenue, Brooklyn, NY 11237, to file and complaint and request help. Upon his arrival, Plaintiff identified himself, reported the Assault, and provided the Police Officers with a copy of his driver's license.

19.     The Police Officers escorted Plaintiff to an interrogation room, under the guise of taking his statement and permitting him to file a report and complaint. Upon information and belief, the Police Officers', actual purpose was to isolate Plaintiff in a confined area as a precursor to his unlawful arrest.

20.     The Police Officers locked the interrogation room door, sealing Plaintiff inside. Upon information and belief, the Police Officers intentionally lead Plaintiff to believe he was being questioned exclusively in relation to the Assault and his complaint so that they could question him without first appraising him of his rights. The Police Officers did not caution Plaintiff that he was in actuality, being detained and questioned in connection with a 1988 or 1989 warrant for the arrest of ERIC ORTIZ (the **"Warrant"**). At no point did the Police Officers appraise Plaintiff of his legal and constitutional rights.

21.     During this interrogation, Plaintiff told the Police Officers that he was injured, needed medical attention, and planned to travel to a local hospital immediately after completing his statement, report, and complaint. The Police Officers did not warn Plaintiff that he would be unable to leave the police precinct or seek outside medical treatment.

22.     Following this interrogation, Plaintiff attempted to leave the interrogation room only to discovery that the door was locked and that he was being detained. When he asked why he was being held, the Police Officers informed him that he was being arrested pursuant to the Warrant.

23.     The Warrant was neither valid nor enforceable, having been vacated on May 31, 1990. Even if the Warrant had still been enforceable generally (it was not) it could not have been enforced against Plaintiff because it expressly called for the arrest of a completely different person. The Warrant called for the arrest of Eric Ortiz born on December 24, 1957, not Plaintiff, Eric Ortiz born on October 31,1969.

24.    Plaintiff informed the Police Officers of these discrepancies, which were also reflected on the driver's license he provided the Police Officers.

25.    Plaintiff also informed the Police Officers that he had been incarcerated in a federal prison from April 5, 2006 up to and including December 9, 2016. The Officers knew or should have known that the Federal Bureau of Prisons officials would have conducted a warrant check before releasing Plaintiff in 2016 and that Plaintiff would not have been released if there was an open 1988 or 1989 warrant in his name. Upon information and belief, the Officers did not contact the Federal Bureau of Prisons or take attempt to confirm whether a warrant check had been conducted.

26.    Upon information and belief, the Police Officers intentionally, willfully, and maliciously, chose to ignore these defects and to arrest Plaintiff without cause.

27.    Upon information and belief, Defendants failed to confirm the Warrant's validity and enforceability, willfully, wantonly, maliciously, and recklessly arresting and detaining Plaintiff in violation of state and federal law.

28.    Following his unlawful arrest without cause, Plaintiff was placed in a holding cell in the basement of the 83rd Precinct.

29.    Plaintiff repeatedly requested medical treatment and an opportunity to contact his legal representation. The Police Officers refused to provide any medical treatment or allow him access to a phone. Plaintiff was held incommunicado and prevented from contacting his attorney for over fifteen hours.

30.     On June 13, 2022, the day after Plaintiff was unlawfully arrested, the Police Officers placed Plaintiff in handcuffs and/or restraints and transported him first to Brooklyn Central Booking and then to Rikers Island.

31.     Plaintiff was detained at Rikers Island until June 15, 2022. During his detention, Plaintiff repeatedly requested medical attention, which he was denied. Upon information and belief Corrections Officers willfully and maliciously failed to afford Plaintiff any medical attention or treatment.

32.     During his unlawful detention at Rikers Island, Plaintiff was repeatedly denied any opportunity to shower or engage in basic hygiene.

33.     The Corrections Officers also denied Plaintiff access to a bed, requiring him to sleep on the floor for the entirety of his unlawful detention.

34.     On June 15, 2022, Plaintiff was produced before the Honorable Judge Laporte, informed that he should never have been arrested in the first place, and released without charge.

35.     Defendants' unlawful conduct directly and proximately caused the deprivation of Plaintiff's rights, privileges, and immunities under the United States Constitution, The New York State Constitution, and federal and state law.

36.     Defendants' unlawful conduct also exacerbated injuries sustained by Plaintiff during the Assault and resulted in new injuries including, but not limited to, pain and suffering stemming from the Individual Defendants' use of physical force to effectuate Plaintiff's unlawful arrest and detention.

37.     Further, Plaintiff was forced to suffer personal and public humiliation, emotional distress, mental distress, and injury to reputation.

**CAUSES OF ACTION**

**COUNT ONE**
**Deprivation of Civil Rights**
**under 42 U.S.C. § 1983 and the Fourth, Eight, and Fourteen**
**Amendments to the United States Constitution**
(Against All Defendants)

38.     Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

39.     At all relevant times, Defendants, acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

40.     At all relevant times, Defendants, acted within the scope of their employment and authority.

41.     Plaintiff, who was wholly innocent of any crime, did not contribute to Defendants' conduct in any manner.

42.     Defendants' actions and/or omissions directly and proximately caused Plaintiff to be deprived of the rights, privileges and immunities guaranteed under the Fourth and Fourteenth Amendments of the Constitution of the United States of America in violation of 42 U.S.C. § 1983, including, but not limited to, the right (i) not to be deprived of liberty without due process of law, (ii) not to be subject to unreasonable of seizure and/or arrest, (iii) and to receive equal protection under the law.

43.     Defendants unlawful conduct directly and proximately caused Plaintiff to suffer indignity, humiliation, ridicule, emotional distress, mental distress, and impediment to the performance of his affairs and business.

**COUNT TWO**
**Deprivation of Civil Rights in Violation of the New York Law**
**and the New York State Constitution**
(Against All Defendants)

44.     Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

45.     At all relevant times, Defendants, acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

46.     At all relevant times, Defendants, acted within the scope of their employment and authority.

47.     Plaintiff, who was wholly innocent of any crime, did not contribute to Defendants' conduct in any manner.

48.     Upon information and belief, Defendants, knew their actions constituted a violation of Plaintiff's constitutional rights.

49.     Defendants', actions and/or omissions directly and proximately caused, Plaintiff, to be deprived of the rights, privileges and immunities guaranteed under New York law and Article One of the New York State Constitution.

50.     Defendants, unlawful conduct directly and proximately caused, Plaintiff, to suffer indignity, humiliation, ridicule, emotional distress, mental distress, and impediment to the performance of his affairs and business.

### COUNT THREE
### False Arrest under 42 U.S.C. § 1983 and the Fourth and Fourteen Amendments to the United States Constitution
(Against the City of New York, New York Police Dept, and John Doe Police Officers 1-5)

51.     Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

52.     At all relevant times Defendant, Police Officers acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

53.     At all relevant times defendant Police Officers were employed by and under the supervision and control of the City of New York and New York Police Department.

54.     The Police Officers intentionally subjected, Plaintiff, to an illegal, improper, and false arrest. Defendants forced Plaintiff to submit to said arrest against his will.

55.     The Police Officers acted with willful, wanton, malicious, and reckless disregard for Plaintiff's rights.

56.     The Police Officers arrested, detained, and/or took, Plaintiff, into custody without any probable cause, privilege, consent, or evidence of criminal wrongdoing. Said arrest was made without a valid and warrant, lawful authority, privileged, or probable cause to belief that the Plaintiff was in fact guilty of any crime.

57.     Plaintiff, who was wholly innocent of any crime, did not contribute to The Police Officers' conduct in any manner.

58.     Plaintiff, was released without charge because the warrant upon which he was arrested did not apply to him, had been vacated, and could not form the basis of a lawful arrest or detention.

59.     Upon information and belief, Defendants, knew or should have known the warrant upon which they relied was invalid and/or inapplicable, had been vacated, did not name Plaintiff, and did not authorize his arrest.

60.     Upon information and belief, Defendants, knew their actions constituted a violation of Plaintiff's, rights under the United States Constitution and Federal Law.

61.     Defendants unlawful conduct directly and proximately caused Plaintiff to suffer indignity, humiliation, ridicule, emotional distress, mental distress, and impediment to the performance of his affairs and business.

**COUNT FOUR**
**False Arrest under New York Law and Article 1 of the New York State Constitution**
(Against the City of New York, New York Police Dep't, and John Doe Police Officers 1-5)

62.     Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

63.     At all relevant times the Police Officers acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

64.     At all relevant times the Police Officers acted within the scope of their employment and authority. Plaintiff, who was wholly innocent of any crime, did not contribute to Defendants' conduct in any manner.

65.     Upon information and belief, Defendants knew their actions constituted a violation of Plaintiff's, constitutional rights. Defendants' actions and/or omissions directly and proximately caused, Plaintiff, to be deprived of the rights, privileges and immunities guaranteed under New York law and Article One of the New York State Constitution.

66.     Defendants, intentionally subjected Plaintiff, to an illegal, improper, and false arrest. Defendants, forced Plaintiff, to submit to said arrest against his will.

67.     Defendants, acted with willful, wanton, malicious, and reckless disregard for Plaintiff's rights.

68.     Defendants, unlawful conduct directly and proximately caused Plaintiff, to suffer indignity, humiliation, ridicule, emotional distress, mental distress, and impediment to the performance of his affairs and business.

69.     Upon information and belief, Defendants knew their actions constituted a violation of Plaintiff's rights under the New York State Constitution and New York State Law.

70.     Defendants, unlawful conduct directly and proximately caused Plaintiff to suffer indignity, humiliation, ridicule, emotional distress, mental distress, and impediment to the performance of his affairs and business.

13

**COUNT FIVE**
**False Imprisonment under 42 U.S.C. § 1983 and the Fourth and Fourteenth**
**Amendments to the United States Constitution**
(Against All Defendants)

71.    Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

72.    At all relevant times the Individual Defendants, acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

73.    At all relevant times defendant Police Officers were employed by and under the supervision and control of the City of New York and NYPD.

74.    At all relevant times defendant Corrections Officers were employed by and under the supervision and control of the City of New York and DOC.

75.    Defendants, intentionally confined Plaintiff, without cause and in violation of federal and state statutory and constitutional law.

76.    Defendants, intentionally, willfully, and/or recklessly detained Plaintiff, and forced Plaintiff, to submit to said detention against his will.

77.    Plaintiff was aware of his detention.

78.    Plaintiff did not consent to his detention.

79.    Plaintiff's confinement was without cause and was not privileged or otherwise protected.

14

80.     Plaintiff, who was wholly innocent of any crime, did not contribute to Defendants' conduct in any manner.

81.     Upon information and belief, Defendants, knew their actions constituted a violation of Plaintiff's constitutional rights.

82.     The Defendants' acts and/or omissions directly and proximately caused injury to Plaintiff in violation of his rights and liberties as guaranteed under United States Constitution, the New York State Constitution, and New York State Law.

83.     Defendants, unlawful conduct directly and proximately caused Plaintiff, to suffer indignity, humiliation, ridicule, emotional distress, mental distress, and impediment to the performance of his affairs and business.

84.     Upon information and belief, Defendants, knew their actions constituted a violation of Plaintiff's rights under the United States Constitution and federal law.

**COUNT SIX**
**False Imprisonment under New York State Law and Article 1 of the New York State Constitution**
(Against All Defendants)

85.     Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

86.     At all relevant times Defendants, acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

87.     At all relevant times Defendants, acted within the scope of their employment and authority. Plaintiff, who was wholly innocent of any crime, did not contribute to Defendants', conduct in any manner.

88.     Defendants, intentionally confined Plaintiff, without cause and in violation of New York State law and the New York State Constitution.

89.     Upon information and belief, Defendants, knew their actions constituted a violation of Plaintiff's rights.

90.     Defendants' actions and/or omissions directly and proximately caused Plaintiff, to be deprived of the rights, privileges and immunities guaranteed under New York law and Article One of the New York State Constitution.

91.     Defendants, unlawful conduct directly and proximately caused Plaintiff, to suffer indignity, humiliation, ridicule, emotional distress, mental distress, and impediment to the performance of his affairs and business

**COUNT SEVEN**
**Cruel and Unusual Punishment & Denial of Medical Care**
**under 42 U.S.C. § 1983 and the Eight and Fourteenth**
**Amendments to the United States Constitution**
(Against the All Defendants)

92.     Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

93.     At all relevant times the Individual Defendants, acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

94.     At all relevant times defendant Police Officers were employed by and under the supervision and control of the City of New York and New York Police Department.

95.     At all relevant times defendant Corrections Officers were employed by and under the supervision and control of the City of New York and the DOC.

96.     Defendants intentionally and maliciously denied Plaintiff, access to proper medical treatment.

97.     Defendants intentionally and maliciously denied Plaintiff, access to basic hygiene.

98.     Defendants intentionally and maliciously denied Plaintiff, access to proper accommodations, including by denying him access to a bed.

99.     Defendants intentionally and maliciously inflicted unnecessary suffering on Plaintiff by reason of their failure to provide medical treatment, access to basic hygiene, or human sleeping conditions.

100.    Defendants' actions caused unnecessary suffering to Plaintiff that is inconsistent with contemporary standards of decency.

101.    Defendants acted with willful, wanton, malicious, and reckless disregard for Plaintiff's rights.

102.    Defendants' indifference constituted unnecessary and wanton infliction of pain in violation of Plaintiff's constitutional and statutory rights.

103.    Upon information and belief, Defendants knew their actions constituted a violation of Plaintiff's constitutional rights.

**COUNT SEVEN**
**Cruel and Unusual Punishment & Denial of Medical Care**
**under New York State Law and Article 1 of the New York State Constitution**
(Against the All Defendants)

104.    Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

105.    At all relevant times the Individual Defendants acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

106.    At all relevant times defendant Police Officers were employed by and under the supervision and control of the City of New York and New York Police Department.

107.    At all relevant times defendant Corrections Officers were employed by and under the supervision and control of the City of New York and the DOC.

108.    At all relevant times Defendants acted within the scope of their employment and authority.

109.    Upon information and belief, Defendants knew their actions constituted a violation of Plaintiff's constitutional rights. Defendants' actions and/or omissions directly and proximately caused Plaintiff to be deprived of the rights, privileges and immunities guaranteed under New York law and Article One of the New York State Constitution.

110.    Plaintiff, who was wholly innocent of any crime, did not contribute to Defendants' conduct in any manner.

111.    Defendants unlawful conduct directly and proximately caused Plaintiff to suffer indignity, humiliation, ridicule, emotional distress, mental distress, and impediment to the performance of his affairs and business

112.    Upon information and belief, Defendants knew their actions constituted a violation of Plaintiff's rights.

**COUNT EIGHT**
**Excessive Force under 42 U.S.C. § 1983 and the Fourth and Fourteenth**
**Amendments to the United States Constitution**
(Against the City of New York, New York Police Dep't, and John Doe Police Officers 1-5)

113.    Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

114.    At all relevant times the Police Officers acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

115.    At all relevant times defendant Police Officers were employed by and under the supervision and control of the City of New York and New York Police Department.

116.    At all relevant times Defendants acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

117.    Defendants' intentionally and unreasonably made harmful and offensive contact with Plaintiff.

118.    Defendants physically struck Plaintiff without cause or justification and in violation of his constitutional rights.

119.    Defendants' actions were not privileged.

120.    Plaintiff, who was wholly innocent of any crime, did not contribute to Defendants' conduct in any manner.

121.    Defendant actions actually and proximately caused injury to Plaintiff.

## COUNT NINE
### Assault & Battery under New York State Law
(Against the City of New York, New York Police Dept, and John Doe Police Officers 1-5)

122.    Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

123.    At all relevant times the Police Officers acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

124.    At all relevant times Defendant Police Officers were employed by and under the supervision and control of the City of New York and New York Police Department.

125.    Defendants intentionally and maliciously caused Plaintiff to fear imminent harmful and offensive bodily contact.

126.    Defendants intentionally and maliciously made harmful and offensive contact with Plaintiff's body.

127.    Defendants restrained Plaintiff through the use of physical force, including the use of handcuffs, and/or restraints.

128.    Plaintiff was aware that Defendants intended to restrain him.

129.    Plaintiff did not consent to this bodily contact. Defendants' actions were not privileged.

20

130.    Plaintiff, who was wholly innocent of any crime, did not contribute to Defendants' conduct in any manner.

131.    Defendant actions actually and proximately caused injury to Plaintiff.

## COUNT TEN
### Negligence under New York Common Law
(Against All Defendants)

132.    Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

133.    At all relevant times Defendants acted in their official capacities, with all the actual and/or apparent authority attendant thereto, under the color of law and consistent with the customs and usage, practices, procedures, and/or rules of their respective state and/or municipal agencies.

134.    At all relevant times defendant Police Officers were employed by and under the supervision and control of the City of New York and New York Police Department.

135.    At all relevant times defendant Corrections Officers were employed by and under the supervision and control of the City of New York and the DOC.

136.    Defendants acted carelessly, negligently, and with reckless indifference to the validity and enforceability of the Warrant.

137.    Defendants disregarded duties and obligations owed to Plaintiff.

138.    Defendant actions actually and proximately caused injury to Plaintiff.

## COUNT ELEVEN
### MUNICIPAL LIABILITY
(Against The City Of New York, New York City Police Department, and New York Department of Corrections)

21

139.    Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

140.    The complained of acts were carried out by the Defendants in their official capacity as police officers, corrections officers, and/or municipal employees, with all the actual and/or apparent authority attendant thereto.

141.    At all relevant times defendant Police Officers were employed by and under the supervision and control of the City of New York and New York Police Department.

142.    At all relevant times defendant Corrections Officers were employed by and under the supervision and control of the City of New York and the DOC

143.    Defendants arrested, detained, incarcerated, and/or took Plaintiff into custody without probably cause, privilege, consent, or evidence of criminal wrongdoing. Upon information and belief, Defendants knew or should have known that their actions, which jeopardized Plaintiff's liberty, well-being, and/or safety, violated Plaintiff's constitutional rights.

144.    The Individual Defendants acted pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and Police Commissioner for the City of New York constituted and exhibited deliberate indifference to Plaintiff's rights, well-being, and safety.

145.    The Individual Defendants actions directly and proximately caused Plaintiff to be deprived his constitutionally guaranteed rights, privileges, and immunities.

**COUNT TWELVE**
**Negligent Hiring Supervision under New York State Law**
(Against The City Of New York, New York City Police Department, and New York Department of Corrections)

146.   Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraph as if stated here in full.

147.   The Entity Defendants bear responsibility for hiring, retaining, training, supervising, and disciplining New York Police Officers and New York Corrections Officers, including the John Doe defendants.

148.   The Entity Defendants failed to adequately and/or properly hire, retain, train, supervise, discipline, or in any other way control the John Doe Defendants' conduct.

149.   Upon information and belief, the Entity Defendants failures resulted from their willful, wanton, malicious, and reckless disregard for the consequences of their actions and the potential for injury and deprivation of constitutional rights.

150.   Defendants, their agents, servants and employees permitted the use of policies, written or otherwise, that were violative of the constitutional rights of the above named plaintiff; and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of New York, and under the authority of their office as police officers and corrections officers for said city and county.

151.    Defendants the City of New York, NYPD, and DOC's failures actually and proximately caused Plaintiff to suffer injury including, but not limited to, loss of liberty, physical injury and distress, emotional distress, humiliation, and damage to reputation.

WHEREFORE, by reason of the foregoing, Plaintiff hereby requests the following relief:

a)  Compensatory damages in a sum not less than FIVE MILLION ($5,000,000) DOLLARS.

b)  Punitive damages in a sum not less than TEN MILLION ($10,000,000) DOLLARS.

c)  An aware of reasonable attorney's fees, costs, and disbursements; and

d)  Such other and further relief as this Court may deem just, equitable, and proper.

Dated: New York, New York
       February 13, 2023

_____
   Alan S. Ripka (ASR1921)

24

## **VERIFICATION**

Alan S. Ripka, Esq., an attorney duly admitted to practice law in the Courts of this State, affirms the following under penalties of perjury:

I am the attorney for the plaintiff(s) in the above entitled-action. I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and know the contents thereof, and upon information and belief, affirmant believes after an inquiry reasonable under the circumstances the matters alleged herein to be true, and that the contentions herein are not frivolous, as that term is defined in Part 130.

The reason this verification is made by affirmant and not by plaintiff(s) is that the plaintiff(s) herein reside in a County other than the County in which we maintain our offices.

The source of affirmant's information and the grounds of her belief are communications, papers, reports and investigations contained in the file maintained by this office.

Dated:  New York, New York
        February 13, 2023


_____
    Alan S. Ripka, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Docket No.:
ERIC ORTIZ,

*Plaintiff,*

   *-against-*

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY
DEPARTMENT OF CORRECTION, JOHN DOE
POLICE OFFICERS 1-5, and JOHN DOE
CORRECTIONS OFFICERS 1-5,

*Defendants.*

-------------------------------------------------------------------X
===================================================================

## VERIFIED COMPLAINT

===================================================================

ALAN RIPKA & ASSOCIATES, LLP
*Attorneys for*:  Plaintiff
400 Madison Avenue – Suite 12D
New York, New York 10017
T: (212) 557-4777

===================================================================

===================================================================
Service of a copy of the within                                     is hereby admitted.
Dated,
                _____
        <u>Attorney(s) for</u>
===================================================================
PLEASE TAKE NOTICE:
☐ <u>NOTICE OF ENTRY</u>
        that the within is a (certified) true copy of an                 duly entered in
        the office of the clerk of the within named court on _____ 202__.

☐ <u>NOTICE OF SETTLEMENT</u>
        that an order                           of which the within is a true copy
        will be presented for settlement to the HON.                     one of the judges of
        the within named Court, at                                     on
          202___ at_____ O'clock ____.M.

Dated,  _____

Yours, etc.
**ALAN RIPKA & ASSOCIATES, LLP**